# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

ALEXANDER SCHAUT,
on behalf of himself and
all others similarly situated,

    Plaintiff,                         CASE NO.:

v.

ADVANTAGE SALES
& MARKETING LLC, and
PETRUSS MEDIA GROUP, LLC,

    Defendants.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALEXANDER SCHAUT, files this Class Action Complaint against Defendant, ADVANTAGE SALES & MARKETING LLC ("ADVANTAGE") and PETRUSS MEDIA GROUP LLC ("PMG") (collectively referred to as "Defendants"), state as follows:

## NATURE OF ACTION

1. This is a class action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Workers Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109et. Seq. ("WARN Act") for Count I.

2. The Defendants are liable under the WARN Act for the failure to provide the Plaintiff and the other similarly situated former employees at least 60 days' advance notice of their termination as required by the WARN Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 206 and 29 U.S.C. § 2104(a)(5).

4. Venue is proper in the Southern District of Florida, because Defendant's violations occurred in its facility located in Boca Raton, FL, which lies within the Southern District.

5. This Complaint is filed as a class action under the Federal Rules of Civil Procedure 23.

## PARTIES

6. Plaintiff is a resident of Florida and was employed by Defendant from on or about August 1, 2016 until his abrupt termination without notice on or about July 11, 2019.

7. Defendant ADVANTAGE operates the largest sales and marketing company in North America with its headquarters located in Irvine, California.

8. Defendant's (ADVANTAGE) website states it is a leading sales and marketing agency in North America, specializing in consumer packaged goods.

9. Defendant PMG operates as a marketing agency in the State of Florida. The Company offers consumer targeting and build responsive audiences using cross-channel digital engagement strategies.

10. Defendant PMG serves customers in the United States, Israel, and Costa Rica.

11. PMG was formerly known as Take 5 Media Group LLC ("Take 5") until it filed an amendment to its Articles of Organization on April 16, 2018, changing its name to Petruss Media Group LLC.

12. PMG and Take 5 Media Group LLC are one and the same.

## GENERAL ALLEGATIONS

13. Plaintiff has satisfied all conditions precedent, or they have been waived.

14. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

15. Plaintiff requests a jury trial for all issues so triable.

16. At all times material to this Complaint, Plaintiff was an "employee" of Defendants.

17. At all times material to this Complaint, Defendants were and are corporations that are authorized to do business in the State of Florida. Defendants are employers subject to the requirements of the WARN Act.

## STATEMENTS OF FACTS

18. Plaintiff and other similarly situated employees' employment were terminated as part of a plant shutdowns as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act from Defendant.

19. On July 11, 2017, approximately 100 other similarly situated employees who reported to the Defendant's facilities were terminated as part of plant shutdowns at its Boca Raton, Florida location.

20. Pursuant to the WARN Act, the plaintiff maintains this action on behalf of himself and on behalf of each of the other similarly situated former employees.

21. Each of the other similarly situated former employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

22. The Defendant was required by the WARN Act to give the Plaintiff and other similarly situated former employees or the representatives at least 60 days advance written notice of their respective termination.

23. Prior to their terminations, neither the Plaintiff nor the other similarly situated former employees or their representatives received written notice that complied with the requirements of the WARN Act.

24. The Defendant failed to pay the Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay vacation which would have accrued for sixty (60) days following their respective termination without notice and failure to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

25. Plaintiff worked for Defendant during the statutory period.

26. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiffs a wage at an hourly rate.

## RULE 23 CLASS ACTION ALLEGATIONS

27. Plaintiff assert their Rule 23 class claim on behalf of the Putative Classes defined as follows:

> **WARN ACT CLASS:  All persons and a class of employee who worked at or reported to the Defendants' and were laid off without cause by the Defendant as part or as the reasonably foreseeable result of plant shutdowns ordered by the Defendants at the facilities (the "Class") in July 2019.**

28. Plaintiffs are and have been members of the Putative Unpaid Wages Class ("Putative Rule 23 Classes") described herein.

29. The number of persons in the Putative Rule 23 Classes herein is so numerous that joinder of all such persons would be impracticable.  While the exact number and identities of all such persons are unknown to Plaintiff at this time and can only be obtained through appropriate

discovery, Plaintiff is informed and believe, and on that basis allege, that the Putative Rule 23 Classes herein include over 100 persons.

30. Disposition of Plaintiff's claims in a class action will benefit all parties and the Court.

31. There is a well-defined community of interest presented by the Putative Rule 23 Classes herein in that, among other things, each member of the Putative Rule 23 Classes have an interest in collecting unpaid wages, obtaining other appropriate legal relief for the harm of which Plaintiff complain, and obtaining other adequate compensation for the common damages which Plaintiff and all other persons similarly situated have suffered as a result of Defendants' actions.

32. Each Class Member herein has performed labor for Defendants at Defendants' request at some time during the Class Period, and were laid off and denied all 60 day's wages because of the willful withholding of compensation by Defendant.

33. A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

34. The prosecution of separate actions by individual members of the Putative Rule 23 Classes herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Rule 23 Classes which would or may establish incompatible standards of conduct for Defendants and which would also create a risk of adjudications with respect to individual members of the Putative Rule 23 Classes herein which would, as a practical matter, be dispositive of the interests of other members of the Putative Rule 23 Classes not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

35. Common questions of law and fact exist in this case with respect to the Putative Rule 23 Classes which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

36. At some time during the Class Period, all of the individuals in the Putative Rule 23 Classes herein have been employed by Defendants and were laid off and denied wages 60-day's wages, as described more fully herein.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy- particularly in the context of WARN Act litigation, where the individual Plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendants.

38. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Member were employees of the Corporate Defendants who worked at or reported to Defendants' Facilities;

(b) Whether the Defendants ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act; and

39. The claims of the named Plaintiff in this case are typical of those of the other Class Members which they seek to represent, in that, among other things, Plaintiff and each other Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendants as complained of herein.

40. The claims of the named Plaintiffs herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiff seeks to represent.

41. The named Plaintiff herein will fairly and adequately represent and protect the interests of the members of the Putative Class which they seek to represent. Plaintiff does not have any interests which are antagonistic to the interests of the Putative Class herein.

42. Counsel for Plaintiff is experienced, qualified and generally able to conduct complex class action legislation.

43. The relief sought in this action is necessary to restore to members of the Putative Class the money and property which Defendants have illegally acquired through the unlawful treatment of each Class Member as described herein.

44. Plaintiffs intend to send notice to all members of the Putative Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the Putative Class members are available from Defendants' records.

## **COUNT I – WARN ACT VIOLATIONS CLASS ACTION CLAIM**

45. At all relevant times, Defendants employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the facilities.

46. At all relevant times, Defendants were "employers" of the Class Members as that term is defined by the WARN Act.

47. In July 2019 Defendants ordered "plant shutdowns," as that term is defined by the WARN Act.

48. Defendants' actions at the Facilities resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN

notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

49. Defendants' termination of the Class Members' employment constituted plant shutdowns as defined by the WARN Act.

50. The Plaintiff and each of the Class Members who were employed and then terminated by Defendants as a result of Defendants' executing plant shutdowns at the Facilities were "affected employees" as defined by the WARN Act.

51. The Plaintiffs and each of the Class Members are "aggrieved employees" of Defendants as that term is defined by the WARN Act.

52. Pursuant to the WARN Act, Defendants were required to provide 60 days prior written notice of the termination, or notice as soon as practicable, to the affected employees, on their representative, explaining why the sixty (60) day prior notice was not given.

53. Defendants failed to give at least sixty (60) days prior notice of the termination in violation of the WARN Act.

54. Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective termination, and failed to make the pension and 401(k) contributions, provided other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

55. As a result of Defendants' failure to pay wages, benefits and other monies as asserted, the Plaintiff and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and

benefits which would have been paid for a period of sixty (60) calendar days after the date of their termination.

**WHEREFORE**, the Plaintiff and Class Members demand trial by jury and judgment against Defendants as follows:

a) An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employees' termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determinate in accordance with the WARN Act, 29 U.S.C§ 2104(a)(1)(A);

b) Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiffs and the Other Similarly Situated Former Employees constitute a single class;

c) Interest as allowed by law on the amounts owed under the proceeding paragraphs;

d) The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act; and

e) Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

Dated this 17th day of July 2019.

                          Respectfully submitted,

*/s/Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: jcornell@wfclaw.com
Email: gnicols@wfclaw.com

**And**

**CHAD A. JUSTICE**
Florida Bar Number: 121559
**Justice for Justice LLC**
1205 N Franklin St. Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@getjusticeforjustice.com
**Attorney for Plaintiffs**